Anthony J. Rao (AR-8482)
   arao@raotil.com
Christina J. Fletcher (CF-1026)
   cfletcher@raotil.com
RAO TILIAKOS LLP
90 Park Avenue, 18th floor
New York, New York 10016
Telephone: (212) 455-9255
Facsimile: (212) 297-0005

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| RAVEN CAPITAL MANAGEMENT LLC, | Case No. 11 CIV 2389(RWS) |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(B) (DIVERSITY)** |
| -against- | (Supreme Court of the State of New York, County of New York, Index No. 104026/2011) |
| RYAN D. BELL | |
| Defendant. | ECF CASE |

------------------------------------------------------------------ x

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Ryan D. Bell ("Bell" or "Defendant") hereby effects removal of the above-captioned action from the Supreme Court of the State of New York in and for the County of New York to the United States District Court for the Southern District of New York. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446 because the amount in controversy exceeds $75,000 and it is a civil action between citizens of different states.

I. **ORIGINAL JURISDICTION – DIVERSITY JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332, and this action is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b), because (1) there is complete diversity of citizenship between Plaintiff and Defendant and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332 and 1441(b). In support of this removal, Defendant makes the following showing:

II. **TIMELINESS OF REMOVAL**

2. On or about April 4, 2011, Plaintiff Raven Capital Management LLC, ("Raven" or "Plaintiff") filed an Order to Show Cause and Petition for a Temporary Restraining Order and Preliminary Injunction in the Supreme Court of the State of New York, County of New York, captioned *Raven Capital Management LLC v. Ryan D. Bell*, Index No. 104026/2011. The Order to Show Cause and Petition seek, among other relief, an order barring Bell from being employed at Babson Capital Management LLC ("Babson"), forbidding Bell from soliciting Raven clients or prospective clients and forbidding the disclosure of Raven's confidential information pending arbitration. *See* Petition p. 19.

3. Plaintiff's Order to Show Cause and Petition for a Temporary Restraining Order and Preliminary Injunction were served on Defendant on April 4, 2011. Counsel for Defendant received an email from Plaintiff's counsel at 9:17 a.m. on April 4, 2011, informing Defendant that Plaintiff would be appearing in state court to commence an action and make an application for a TRO and Preliminary Injunction at 11:30 a.m. that same morning. Out of necessity, Defendant appeared at the TRO hearing in state court, but did not participate in the state court matter as such to waive any right to removal of this action to federal court.

4. This Notice of Removal is timely as it is filed within thirty (30) days of the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action or proceeding is based. 28 U.S.C. § 1446(b).

5. All process, pleadings, and orders served in this case are attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a) and Local Rule 81.1(b).

### III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6. **Defendant Bell's Citizenship.** Defendant Ryan Bell is an individual who is, and at all times was, a resident of Connecticut. Declaration of Ryan Bell ("Bell Decl."), ¶ 2; *See* Petition ¶ 7. To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendant is a citizen of Connecticut. *See* 28 U.S.C. § 1332(a)(1).

7. **Plaintiff Raven's Citizenship.** Plaintiff Raven is not a citizen of Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business." Plaintiff Raven is a limited liability corporation incorporated under the laws of Delaware, and its principal place of business is at 110 Greene Street, New York, New York 10012. *See* Petition ¶ 6. Plaintiff Raven is a citizen of Delaware and New York.

8. Based on the foregoing, complete diversity is established between Plaintiff and the Defendant because Defendant is a citizen of Connecticut and Plaintiff is a citizen of the states of Delaware and New York.

### IV. THE AMOUNT IN CONTROVERSY IS SATISFIED

9. In addition to diversity of citizenship, federal diversity jurisdiction requires that the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10. In the Second Circuit, the value of the amount in controversy "is calculated from the plaintiff's standpoint." *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2d Cir.1972). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple*

*Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) Here, Plaintiff has alleged that following Bell's notice of withdrawal and termination of employment at Raven, that "Raven [ ] contacted its investors to advise them of Bell's withdrawal. As expected, the investors were surprised and concerned by Bell's abrupt departure on the eve of the closing of the Raven Fund. Five of the prospective investors advised Raven that they would need to postpone their investment until they could get comfortable with Raven's succession plans and Bell's replacement. Thus the Raven Fund did not close on March 31. Calls to other investors regarding subsequent fund closings resulted in a similar reaction." Petition ¶ 46. Thus, Raven has alleged that due to Bell's withdrawal to pursue employment with Babson, the Raven Fund did not close and they have suffered harm requiring them to be awarded injunctive relief. *Id.* Although Bell denies any wrongdoing, had the fund closed, the investments would have been in excess of $75,000.00, thus satisfying the amount in controversy requirement. *See* Decl. Bell ¶ 3.

11.   Further, Plaintiff has alleged that the injunctive relief is warranted because through the impact of Defendant Bell's actions, they stand "to lose the value of [Raven's] carefully tended contacts and proprietary deal flow." Petition ¶ 61. Plaintiff also alleges that "If Bell is permitted to commence work at Babson and disrupt Raven's deal pipeline, Raven's investors will lose confidence in Raven's ability to close investments, irreparably damaging Raven's goodwill and threatening loss of untold business opportunities in the future." Id. at ¶ 60.

12.   Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

13.   Because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. § 1441 (b).

### III.  VENUE

14.   Venue lies in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441, and 1446(a). This action originally was brought in the Supreme Court of the State of New York, County of New York.

IV.  **NOTICE OF REMOVAL**

15.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Defendants respectfully request this action be duly removed to this Court, and that it proceed herein.

DATED: April 7, 2011                     RAO TILIAKOS LLP

By _____
Anthony J. Rao
Christina J. Fletcher
Attorneys for Defendant