UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEN CAPITAL MANAGEMENT LLC,<br><br>                    Plaintiff,<br><br>        -against-<br><br>RYAN D. BELL,<br>                    Defendant. | No. 11-CV-2389 (RWS)<br><br>PERMANENT INJUNCTION<br>ON CONSENT |

IT IS HEREBY ORDERED, that Defendant Ryan D. Bell ("Bell") is enjoined as follows:

1. For the six-month period beginning March 25, 2011 through and including September 25, 2011, Bell is enjoined from

> (a) being employed or engaged by, or performing any work or services for, Babson Capital Management LLC or any of its affiliated entities including, for purposes of this Injunction and for the avoidance of doubt, Wood Creek Capital Management LLC and the MassMutual Financial Group (together, "Babson"); and

> (b) providing investment management or investment advisory services (or serving as an executive officer or controlling owner of any entity providing such services as part of its principal business activities) to any investment fund of a type and with an investment objective or strategy substantially similar to any commingling investment vehicle, Person or entity sponsored by Raven Capital Management LLC (the "Company") or any investment fund to which the Company was providing investment advisory services at the time that Bell's service with the Company terminated (a "Client") as of the commencement of the Bell Withdrawal Date. If Bell engages or participates in any business activity within such period that could reasonably be considered to violate the preceding sentence, Bell shall provide written notice to the Company describing the business and Bell's relationship thereto.

For purposes of this Injunction, "Person" shall mean an individual, partnership, joint venture, association, corporation, trust, estate, limited liability company, limited liability partnership, unincorporated entity of any kind, governmental entity, or any other legal entity.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/11

2. For the one year period from March 25, 2011 through and including March 25, 2012, Bell is enjoined from

(a) Attempting in any manner to solicit business of the type performed by the Company from a current Client of the Company (as of the time of the effective date of his withdrawal from membership) (i) with which Bell worked or to which he provided services, or (ii) with which Bell was involved on the Company's behalf, or (iii) as to which Bell had access to Confidential Information; or attempting in any manner to persuade any such Client of the Company to cease to do business or to reduce the amount of business which any such client has customarily done or actively contemplates doing with the Company;

(b) Attempting in any manner to solicit business of the type performed by the Company (i.e., in a competitive manner) from a potential Client of the Company where Bell had participated or was otherwise actively involved with the Company's efforts to solicit business from such potential Client (including, but not limited to, developing marketing materials targeted at that specific potential Client, participating in strategy sessions in which the means to target such specific potential Client are discussed, or participating in sales, marketing or business development meetings with one or more representatives of the potential Client). For purposes of this Injunction, a "potential Client" shall include any Person, company, fund, plan, endowment, foundation, or other business entity (a "Targeted Entity") (1) that the Company had expressly targeted as a potential Client and as to which it had taken, or was taking, active steps to solicit business, or (2) as to which the Company had (i) submitted a response to a request for proposal or similar solicitation of business that the Company had received from the Targeted Entity, (ii) made a formal in-person sales, marketing or business development presentation to representatives of the Targeted Entity, or (iii) participated in a sales, marketing or business development meeting with representatives of the Targeted Entity, at any time within twelve (12) months prior to the termination of Bell's membership;

(c) Recruiting, soliciting, inducing or hiring, or attempting to recruit, solicit, induce or hire, any employee of the Company (or any group of employees or former employees) to terminate their employment or otherwise diminish their relationship with the Company or any of its affiliates; or

(d) Inducing or attempting to induce any independent contractor or vendor of the Company to terminate its relationship

2

with the Company, or otherwise interfere with or disrupt the Company's relationship with such independent contractor or vendor.

3. Bell further is enjoined from using or disclosing any of Raven's "Confidential Information," which means any and all information and material which (i) gives Raven some competitive business advantage or the opportunity of obtaining such advantage, or the disclosure of which could be or would be detrimental to the interests of Raven, (ii) is owned by Raven or in which Raven has an interest (including information conceived, originated, discovered or developed in whole or in part by Bell), or (iii) which is marked (a) "Confidential", "Proprietary" or contains a similar marking, (b) is known by Bell to be considered confidential and/or proprietary by Raven, or (c) from all relevant circumstances should reasonably be assumed by Bell to be confidential and proprietary.

SO ORDERED

_____
Robert W. Sweet, U.S.D.J.

Date: 4/15-11

3